UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
BRENT NICHOLSON, *et al.*,         )
                                   )   No. C12-1121RSL
            Plaintiffs,            )
      v.                           )   ORDER DENYING PLAINTIFFS'
                                   )   MOTION FOR REMAND
THRIFTY PAYLESS, INC., *et al.*,   )
                                   )
            Defendants.            )
_____)

This matter comes before the Court on "Plaintiffs' Motion to Remand Case to State Court." Dkt. # 9. Relying on Stanphill v. State Farm Mutual Automobile Ins. Co., C09-0235JCC (W.D. Wash. June 26, 2009), plaintiffs argue that defendants' failure to provide copies of certain documents found in the state court docket was a defect in removal procedure that requires remand.

Pursuant to 28 U.S.C. § 1446(a), a defendant desiring to remove a case from state court must, among other things, file in the federal district court a notice of removal, a statement of the grounds for removal, and "a copy of all process, pleadings, and orders served upon such defendant or defendants." These requirements are part of the "[p]rocedure for removal of civil actions," and defendants fully complied therewith. Defendants did not, however, provide copies of all state court records within fourteen days of filing the notice of removal, as required by a local rule of this district. CR 101(b). Plaintiffs, citing Stanphill and Benson v. Providence Health & Servs., C09-1560JLR (W.D. Wash. Feb. 12, 2010) (declining to depart from the

ORDER DENYING PLAINTIFFS'
MOTION FOR REMAND

analysis set forth in Stanphill), argue that the local rule is part of the "removal procedure" and that such a procedural defect requires remand.  The Court disagrees.

Local rule 101(b) is expressly authorized by 28 U.S.C. § 1447(b), which allows the district court to "require the removing party to file with its clerk copies of all records and proceedings in such State court . . . ."  Section 1447 is entitled "[p]rocedure after removal generally."  The removal itself occurs, with or without defect, up to fourteen days before the state record must be provided.  The failure of which plaintiffs complain is simply a failure to comply with the local rules of this district following removal.  To the extent Stanphill and Benson stand for the proposition that a failure to comply with LR 101(b) is a defect in the removal procedure itself, the Court respectfully disagrees.[1]  While intra-district uniformity on such issues is, of course, preferable, the uniform approach must be the right approach, especially where the order of remand is unappealable and unreviewable.

Even if the Court were to assume that a violation of LR 101(b) is appropriately characterized as a defect in the removal procedure, the Court finds that remand, with the concomitant deprivation of a federal forum over an action that obviously triggers this Court's jurisdiction, is too harsh.  The Court regularly allows parties to remedy defects in the Notice of Removal, such as a failure to identify the citizenship of an LLC, even where those defects go to the very existence of federal jurisdiction.  Where the alleged defect has no impact on the Court's power or ability to adjudicate the case and is easily remedied, the Court follows the majority trend of allowing remedial action.[2]

---

[1] The defendant in Stanphill provided only one paragraph of argument in response to plaintiff's motion to remand, causing the court to mistakenly conclude that the weight of authority supported a remand.  C09-0235JCC (Dkt. # 27 at 5).

[2] Carr v. Capital One, N.A., 460 Fed. Appx. 461, 468 (5th Cir. 2012); Countryman v. Farmers Ins. Exch., 639 F.3d 1270, 1272 (10th Cir. 2011); Cook v. Randolph County, 573 F.3d 1143, 1150 (11th Cir. 2009); W. Chance No. 2, Inc. v. KFC Corp., 957 F.2d 1538, 1540 n.3 (9th Cir. 1992) (noting that

ORDER DENYING PLAINTIFFS'
MOTION FOR REMAND                    -2-

1  Because defendants have now provided the missing state court documents, the
2  motion for remand is DENIED.

4  Dated this 20th day of September, 2012.

                                         /s/ Robert S. Lasnik
                                         Robert S. Lasnik
                                         United States District Judge

---

24  even if failure to provide state court document was an error in removal procedure, district court could allow removing party to cure the defect); Yellow Transp. v. Apex Digital, Inc., 406 F. Supp.2d 1213,
25  1216-9 (D. Kan. 2005). See also the many unpublished district court cases cited in defendants' opposition (Dkt. # 11 at 8 n.8).
26

ORDER DENYING PLAINTIFFS'
MOTION FOR REMAND                        -3-