UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                             )
BRENT NICHOLSON, *et al.*,                    )
                                                             )   No. C12-1121RSL
                            Plaintiffs,              )
       v.                                                  )   ORDER GRANTING IN PART
                                                             )   PLAINTIFFS' MOTION FOR
THRIFTY PAYLESS, INC., *et al.*,         )   RECONSIDERATION
                                                             )
                            Defendants.          )
_____)

On February 18, 2014, the Court dismissed plaintiffs' claims regarding the Silverdale and Bremerton projects on the ground that the last agreed-upon date for delivery had already passed when defendants sent the termination letters for those projects. Plaintiffs filed a timely motion for reconsideration. Dkt. # 60. Plaintiffs argue that a June 15, 2010, email indicating defendants' willingness to extend the delivery dates constitutes a modification of the leases and/or a waiver of the no oral modification provision. In the alternative, plaintiffs argue that the email is evidence that the delivery dates were not material and can form the basis of a promissory estoppel claim. Pursuant to Local Civil Rule 7(h)(3), the Court gave defendants an opportunity to respond to the motion for reconsideration. Dkt. # 63.

Having reviewed the submissions of the parties, the Court finds that the email string evidencing defendants' willingness to extend the delivery dates does not constitute a modification of the lease, a waiver of the "no oral modifications" provision, or a promise on which a promissory estoppel claim could be based. It is, however, evidence from which a

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR RECONSIDERATION

1  reasonable fact finder could conclude that the breach of which defendants complain was not
2  material.  Given the circumstances of this case, including defendants' acknowledgment that they
3  did not want the stores to be delivered too far in advance of an expiring lease and their
4  willingness to extend the deadlines of these and other leases, a reasonable jury could determine
5  that the failure to deliver the Silverdale and Bremerton projects by the dates set forth in the
6  original leases was not a material breach and did not discharge defendant's obligations under the
7  contracts.

   Dated this 22nd day of May, 2014.

   _MWS Lasnik_

   Robert S. Lasnik
   United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR RECONSIDERATION        -2-