UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BRENT NICHOLSON, *et al.*,

                Plaintiffs,

     v.

THRIFTY PAYLESS, INC., *et al.*,

                Defendants.
_____

No. C12-1121RSL

ORDER DENYING MOTION TO
RELEASE FUNDS

This matter comes before the Court on plaintiff Brent Nicholson's "Motion for Release of Funds" held in an escrow account to secure the judgment in this matter. Dkt. # 163. Nicholson argues that because the award of attorney's fees against him in his individual capacity was vacated and remanded by the Ninth Circuit for further consideration, there is no longer a judgment that needs to be secured. Nicholson also argues that, on remand, the Court should conclude that he is not personally liable for the fee award.[1]

Nicholson's liability for the attorney fee award has not been finally resolved. The Ninth Circuit found that the undersigned's analysis of the issue was insufficient. It therefore vacated the award and remanded the matter for further explication. Dkt. # 161 at 6-7. For the reasons

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER DENYING MOTION TO
RELEASE FUNDS

discussed below, the Court again finds that Nicholson is jointly and severally liable for the $1,819,340.21 in fees and costs defendants incurred in successfully defending against plaintiffs' claims. Commerce Bank shall, therefore, continue to hold the funds in the escrow account until one of the events specified in ¶ 4 of the Escrow Deposit Agreement occurs.

Plaintiff Nicholson and the eleven LLCs he formed to acquire land and build defendants' stores sued defendants for losses they incurred when defendants delayed and/or terminated projects in which Nicholson had invested hundreds of thousands of dollars. Dkt. # 1-2 at ¶¶ 3.44-3.47. According to the complaint, Nicholson would identify potential locations for defendants' stores, perform preliminary investigations, zoning, and architectural work, and negotiate a rental agreement with defendants before forming an LLC to sign a lease with defendants and develop each site. The leases at issue contained the following attorney's fee provision:

> In the event that any suit or action is instituted by either of the parties hereto against the other to enforce compliance with any of the terms, covenants or conditions of this Lease or for damages for breach of this agreement, the non-prevailing party shall, in addition to costs and disbursements provided by statute, pay to the prevailing party such actual attorney's fees incurred in such suit or action, including appeal from any judgment rendered therein.

Dkt. # 125-1 at 2. All of the plaintiffs, including Nicholson, asserted a breach of contract claim against defendants based on the lease agreements. Dkt. # 1-2 at 29.

Nicholson argues that, because he was not a party to the lease agreements, he cannot be personally liable for attorney's fees under the contracts. Under both Washington and California law, however, a nonsignatory can be bound by a fee provision if, in fashioning his complaint, he asserts a colorable claim "on the contract" (see RCW 4.84.330 and Cal. Civ. Code § 1717) and would be entitled to a fee award if he were to prevail on that claim (P.T. Ida Muda Seafoods, Int'l v. Ocean Beauty Seafoods, Inc., 135 Wn. App. 1025, 2006 WL 3059959, at *3 (Oct. 23, 2006); Reynolds Metals Co. v. Alperson, 25 Cal.3d 124 (1979)). The Court need not determine that the breach of contract claim actually has merit, only that it is colorable and would trigger an

ORDER DENYING MOTION TO
RELEASE FUNDS                -2-

award of fees if successful. If that were not the case, when a defendant successfully defends a contract claim by showing that the plaintiff lacks standing or that the contract is unenforceable, the right to attorney's fees would effectively be unilateral: plaintiff would have been entitled to fees if it succeeded but would avoid them if the claim failed. See Richards v. Silva, 2016 WL 6123917, at *3 (Cal. App. Oct. 20, 2016); Herzog Aluminum, Inc. v. Gen. Am. Window Corp., 39 Wn. App. 188, 192-97 (1984).

Under both Washington and California law, the Court determines whether a nonsignatory is subject to a contractual fee award by evaluating whether plaintiff would be entitled to fees if he won on his contract claim, not whether he will actually win. In Real Property Servs. Corp. v. City of Pasadena, 25 Cal. App.4th 375 (1994), for example, a sublessee identified as the future tenant in a lease agreement between the city and the developer of a movie theater complex sued when the parties to the lease terminated their relationship. Even though the sublessee was not a party to the lease, it asserted a breach of contract claim. The city successfully defended the claim by showing that the sublessee was not a third-party beneficiary under the lease and therefore lacked standing to enforce its covenants. The breach of contract claim was dismissed. The court nevertheless found that the facts alleged gave rise to a colorable third-party beneficiary claim against the city, making the city potentially liable for the alleged breaches and an award of attorney's fees under the contract. The reciprocity rationale of Cal. Civ. Code § 1717 resulted in an award of attorney's fees against the sublessee and in favor of the city as the prevailing party.

In this case, Nicholson opted to assert a breach of contract claim against defendants based on a contract that contained a clear attorney's fee provision.[2] Although he does not specifically

---

[2] The cases on which Nicholson relies, Niederle v. T.D. Escrow Servs., Inc., 114 Wn. App. 1046, 20002 WL 31648772, at *5 (2002), and Richards, 2016 WL 6123917, at *4, are distinguishable in that neither of those cases involved a claim on a contract. The nonsignatory plaintiff in Niederle eschewed a contract claim and sued for unjust enrichment while the nonsignatory plaintiff in Richards alleged fraud based on misrepresentations rather than breach of the purchase agreement.

allege the legal theory under which he sought to enforce the contracts, the factual allegations of the complaint suggest that the LLCs were his alter egos and/or that he was a third-party beneficiary of the lease agreements. As defendants were aware, Nicholson invested significant funds into each development project before creating the LLCs and signing the lease agreements on their behalf. He was the controlling owner and manager of the LLCs and the person with whom defendants did business. Based on the allegations of the complaint and the way he pursued the litigation, Nicholson treated the LLCs' claims as if they were his personal claims, with the damages representing an amalgam of expenses paid by Nicholson and the LLCs to bring each development to fruition. Had Nicholson been able to establish standing to enforce the terms of the lease agreements and defendant's breach, he would have prevailed on the contract claim and been entitled to reasonable attorney's fees. As was the case in Real Property Servs., 25 Cal. App.4th at 383, "it is apparent that [Nicholson] agreed with this concept, because in the original complaint, [plaintiffs] prayed for an award of attorney fees pursuant to the contract." See Dkt. # 102 at 34. Therefore, under the reciprocity concept set forth in both Washington and California law, defendants, as the prevailing parties, are entitled to an award of fees against Nicholson, a nonsignatory plaintiff, who sued under and to enforce the terms of the lease agreements.

//

//

//

For all of the foregoing reasons, Nicholson's motion for release of funds (Dkt. # 163) is DENIED. All twelve named plaintiffs are jointly and severally liable for the reasonable fees and costs defendants incurred in successfully defending this litigation, in the amount of $1,819,340.21.

Dated this 8th day of January, 2018.

Robert S. Lasnik
United States District Judge