UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
BRENT NICHOLSON, *et al.*,               )
                                        )     No. C12-1121RSL
                        Plaintiffs,      )
        v.                               )     ORDER GRANTING IN PART
                                        )     MOTION FOR ATTORNEY'S FEES
THRIFTY PAYLESS, INC., *et al.*,          )     ON APPEAL
                                        )
                        Defendants.      )
_____)

This matter comes before the Court on "Defendants' Motion for Attorney Fees on Appeal." Dkt. # 174. The Ninth Circuit transferred consideration of defendants' request for fees and costs on appeal to the undersigned, and defendants seek an award of $429,294.00 under the fee-shifting provisions of the lease agreements and RCW 4.84.330. Plaintiffs oppose the request, arguing that defendants are not the prevailing party on appeal, that any award of fees must be segregated by issue, that the hours expended were unreasonable, that certain categories of fees are not recoverable, and that plaintiff Brent Nicholson is not liable under the contracts. Having reviewed the dockets in this matter and on appeal as well as the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Prevailing Party and Segregation of Fees**

On appeal, the parties challenged the undersigned's judicial estoppel, contract, attorney's fees, and pre-judgment interest rulings, virtually all of which arose out of or resolved plaintiff's

ORDER GRANTING IN PART MOTION
FOR ATTORNEY'S FEES ON APPEAL

contract claim. Neither side achieved complete victory. Defendants obtained favorable rulings on judicial estoppel, the joint and several liability of the LLCs, and Nicholson's personal liability for overpayments to No One to Blaine. They also obtained a remand for further consideration of their claim for prejudgment interest. Plaintiffs, on the other hand, were able to overturn Nicholson's personal liability for fees under the lease agreements. Under these circumstances, the Court must determine whether there was a prevailing party on appeal or "whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees" under the contract. Zintel Holdings, LLC v. McLean, 209 Cal. App.4th 431, 439-40 (2012). See also Marine Enters., Inc. v. Security Pac. Trading Corp., 50 Wn. App. 768, 772-73 (1988). When deciding whether there is a prevailing party on the contract, "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." Hsu v. Abbara, 891 P.2d 804, 813 (Cal. 1995) (alteration in original). See also Riss v. Angel, 131 Wn.2d 612, 633-34 (1997) ("If neither wholly prevails, then the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of relief afforded the parties.").

The Court finds that defendants substantially prevailed on the contract claims on appeal and are entitled to a fee award under the terms of the lease agreements. Although plaintiffs were able to show error in the undersigned's analysis of Nicholson's personal liability for attorney's fees, plaintiffs failed to reinstate any of their claims, failed to reverse the rent award against Nicholson personally, and failed to convince the Ninth Circuit that fees should be apportioned amongst the LLCs. The LLC plaintiffs obtained nothing through the appellate process, and

ORDER GRANTING IN PART MOTION
FOR ATTORNEY'S FEES ON APPEAL          -2-

1   Nicholson's victory on the fee award was not complete: he did not convince the Ninth Circuit

2   that he was not personally liable for $1,819,340.21 in attorney's fees under the lease agreement,

3   only that the matter should be remanded for further consideration. The Ninth Circuit upheld

4   dismissal of plaintiffs' damages claim (which exceeded $55 million), affirmed Nicholson's

5   obligation to refund $103,500 in rent payments, affirmed the joint and several liability of the

6   LLCs, and remanded Thrifty's claim for prejudgment interest. A comparison of the relief sought

7   and the relief obtained on any metric shows that defendants prevailed on appeal.

8          Plaintiffs argue that, even if defendants are the prevailing parties on appeal, they must

9   segregate the fees and costs by issue and the Court should deny fees for time spent on

10  Nicholson's personal liability and the arguments that the Ninth Circuit did not reach in its

11  decision. Washington law recognizes that, in some instances, the prevailing party received so

12  little of what it originally sought and/or failed on a number of distinct, severable contract claims

13  as to make it unfair or unjust to award all of the fees incurred. See Marassi v. Lau, 71 Wn. App.

14  912, 916-17 (1993), abrogated on other grounds, Wachovia SBA Lending, Inc. v. Kraft, 165

15  Wn.2d 481, 490 (2009).[1] That is not the case here. Defendants defeated every one of plaintiffs'

16  claims and obtained relief on their only counterclaim. The Ninth Circuit did not need to reach

17  defendants' alternative grounds for the same relief, but once plaintiffs initiated an appeal seeking

18  to reinstate their claims, defendants were entitled to raise all available arguments: there is

19  nothing unfair about shifting the costs of having to do so pursuant to the contractual agreement

20  between the parties. The only remaining open issues (pre-judgment interest and Nicholson's

21  personal liability for attorney's fees) are collateral to the underlying contract claims and do not

22  change the fact that defendants prevailed on all claims asserted in this matter. Because there is

23  no unfairness, the Court declines to exercise its discretion under Washington law to ameliorate

24

25

            [1] Plaintiff does not identify any California cases adopting a similar mechanism.

26

ORDER GRANTING IN PART MOTION
FOR ATTORNEY'S FEES ON APPEAL          -3-

1  any harshness or injustice that may arise from application of the "substantially prevailing"

2  standard.

3  **B. Reasonableness of Hours Expended and Unrecoverable Amounts**

4         Plaintiffs argue that the manner in which defendants litigated this case, namely by waiting

5  two years before filing a motion for summary judgment based on judicial estoppel, unreasonably

6  inflated the number of hours spent. To the extent that argument has any merit, the time to raise it

7  was in response to defendants' motion for attorney's fees following the entry of judgment in

8  February 2015. The issue now before the Court is whether defendants are contractually entitled

9  to recover attorney's fees on appeal. This argument has been waived.

10         Plaintiffs also argue that, although counsel for both parties charge similar rates, plaintiffs'

11  lawyers recorded only $212,106.00[2] in fees since the appeal was filed, whereas defense counsel

12  is seeking $429,294.00 over essentially the same time period. Plaintiffs maintain that this

13  disparity shows that defendants' request for fees "is replete with time entries showing

14  unnecessary, duplicated and wasted effort," but they identify only two specific examples and

15  provide generic references to "multiple-attorney conferences" and "fees related to executing on

16  and securing the judgment." Dkt. # 179 at 6 and 8. The Court, having reviewed the billing

17  records in detail, discounts the fee request for the following reasons:

18         1. Fees incurred in the district court after judgment was entered were not "on appeal" and

19  are not properly before the Court. These fees are not recoverable.

20         2. Fees incurred in an attempt to secure or execute on the judgment were not incurred

21  while pursuing a contract claim or on appeal. They are not, therefore, recoverable in this action,

22  although the applicable garnishment and execution procedures may permit an award of fees in

23

24      [2] This number is taken from plaintiffs' memorandum (Dkt. # 179 at 8). The Declaration of

25  Susannah C. Carr supports a lower number (Dkt. # 181 at ¶ 6), but the Court presumes that the missing
   "Hill Decl. at ¶4" would support the higher value.

26

the collateral proceedings.

3. Defendant had six attorneys and three legal assistants working on the appeal in this matter. For the most part, work was appropriately assigned and tasks were staffed commensurate with their importance. Where the need to keep that many people informed led to waste and duplication of effort, however, the Court reduced the overall fees charged by the collective.

4. Certain time entries do not appear to have any relationship to the contract claims for which fees can be recovered, such as the preparation of an audit response. The fees associated with these tasks are not recoverable.

5. Fees related to defendants' failure to comply with the word limits imposed by the Ninth Circuit are not recoverable.

6. Although counsel's time entries are specific as to the work performed, many of them describe more than one type of activity. Where unrecoverable tasks, as set forth above, are included with recoverable tasks, the Court made an effort to allocate the fees whenever there was a reasonable basis for doing so. If no reasonable basis for allocation were apparent from the entries, the fee entry was deducted in its entirety.

After making deductions as described above, the lodestar amount is $247,029.50. No further adjustments are necessary or appropriate.

**C. Nicholson's Liability Under the Contracts**

For the reasons set forth in the Court's "Order Denying Motion to Release Funds," Nicholson is personally liable for attorney's fees under the lease agreements even though he was not a party to the contracts.

//

//

ORDER GRANTING IN PART MOTION
FOR ATTORNEY'S FEES ON APPEAL            -5-

1   For all of the foregoing reasons, defendants' motion for an award of attorney's fees on

2   appeal is GRANTED in part. Defendants are awarded fees in the amount of $247,029.50 on

3   appeal. All twelve named plaintiffs are jointly and severally liable for that amount.

4

5   Dated this 8th day of January, 2018.

6

7   _Robert S. Lasnik_

8   Robert S. Lasnik
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26