UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                            )
BRENT NICHOLSON, *et al.*,                  )
                                                            )  No. C12-1121RSL
                              Plaintiffs,        )
             v.                                         )  ORDER ON REMAND
                                                            )
THRIFTY PAYLESS, INC., *et al.*,          )
                                                            )
                              Defendants.    )
_____)

This matter comes before the Court on "Defendants' Motion for Order in Response to Remand." Dkt. # 176. The Ninth Circuit Court of Appeals remanded this matter to the undersigned for (a) further consideration of plaintiff Brent Nicholson's personal liability for attorney's fees under the lease agreements he signed on behalf of the LLC plaintiffs and (b) a determination regarding defendant Thrifty's entitlement to prejudgment interest on its counterclaim.[1]

**A. Personal Liability for Fee Award**

For the reasons set forth in the Court's "Order Denying Motion to Release Funds," the Court finds that Nicholson is personally liable for attorney's fees under the lease agreements even though he was not a party to the contracts. All of the plaintiffs, including Nicholson,

---

[1] The Court has not reevaluated Nicholson's personal liability for any award of prejudgment interest. That issue was finally resolved against Nicholson on appeal. Dkt. # 161 at 8.

ORDER ON REMAND

1 asserted a breach of contract claim against defendants based on the lease agreements. Dkt. # 1-2
2 at 29. Given his relationship to and control over the plaintiff LLCs, Nicholson's contract claim
3 was colorable and, had he prevailed on that claim, he would have been entitled to a fee award
4 under the terms of the contract.

**B. Prejudgment Interest**

Plaintiffs do not dispute that the overpayments made to No One to Blaine, LLC, resulted in a liquidated claim or that prejudgment interest is generally awarded on such claims in order to compensate for the "use value" of the money from the time of loss to the date of judgment. See Hansen v. Rothaus, 107 Wn.2d 468, 472-73 (1986); Hadley v. Maxwell, 120 Wn. App. 137, 141-42 (2004). The parties disagree, however, regarding the appropriate interest rate that applies in this case, the date upon which interest began to accrue, and whether a reduction should be made based on equitable considerations.

Interest on judgments in Washington is governed by RCW 4.56.110, which provides five different interest rates depending on the nature of the claim upon which judgment is entered. "[J]udgments founded on the tortious conduct of individuals or other entities" accrue interest at a rate tied to the published prime rate of the federal reserve system. RCW 4.56.110(3)(b). In this case, that rate is 5.25%. Judgments founded on contracts that do not specify an interest rate accrue interest at 12%. The issue, then, is whether the $103,500 judgment on Thrifty's counterclaim was founded on a tort or a contract theory.

Having reviewed the pleadings and relevant motions in this matter, the Court finds that Thrifty's counterclaim and the resulting judgment were based in tort. Thrifty's counterclaim avoids labels and is based solely on allegations of a contractual obligation to pay rent through August 31, 2010, mistaken payments thereafter, and plaintiffs' failure to repay or reimburse the amounts mistakenly paid. Dkt. # 17 at 22-23. In its motion for summary judgment, Thrifty argued that plaintiffs' "wrongfully retained" the overpayments. Dkt. # 88 at 35. These allegations and arguments mirror a conversion claim, where "a person intentionally interferes

ORDER ON REMAND                    -2-

with chattel belonging to another, either by taking or unlawfully retaining it, thereby depriving the rightful owner of possession." Alhadeff v. Meridian on Bainbridge Island, LLC, 167 Wn.2d 601, 619 (2009). Thrifty did not and could not identify a provision of the lease agreement that was breached, and the cases on which it relied for the relief requested are based on various tort causes of action. U.S. Bank v. Henderson, 2007 WL 2492738, at *2-3 (W.D. Wash. Aug. 29, 2007) (overpayment for stock certificate during merger gave rise to a claim based on the principles "that no one ought unjustly to enrich himself at the expense of another" and that a party who "has received money which in equity and good conscience should have been paid to" another "ought, by the ties of natural justice, to pay it over.") (quoting Seekamp v. Small, 39 Wn.2d 578, 584 (1951)); Davenport v. Wash. Educ. Ass'n, 147 Wn. App. 704, 721 (2008) (evaluating common law claims of conversion and restitution). Thrifty's counterclaim was based on erroneous payments not required by the contracts: plaintiffs' liability arose when it was unjustly enriched and/or failed to return what, in equity and good conscience, should have been paid over. Thus, the 5.25% interest rate applies.

Prejudgment interest normally begins to accrue at the time of the loss in order to compensate the injured party for the use value of the wrongfully withheld money. Plaintiffs argue that the loss occurred all at once in May 2011, but there is nothing in the record to support such speculation. The lease agreements, the course of conduct between the parties, and plaintiffs' accounting records show that rent was paid monthly in $11,500 installments, not in a lump sum in May 2011.

Finally, plaintiffs argue that the award of prejudgment interest should be reduced based on equitable considerations, primarily the facts that the overpayment was the result of Thrifty's unilateral mistake and that Thrifty did not make a demand for repayment until it filed its counterclaim on August 17, 2012. Even if plaintiffs arguably did not convert Thrifty's property until demand was made, plaintiffs were unjustly enriched from the moment they received the payments. Despite the chaos of the real estate market in the relevant time frame and the

complexity of the parties' business relationship, plaintiffs knew that the interim rent payments after August 2010 were not being used for any purpose that would benefit Thrifty (such as securing the Blaine property and/or building the retail space). Plaintiffs had stopped making payments on the loan in July 2010, negating any justification for the accepting and retaining the interim rental payments after the contractual obligation expired. The equities do not warrant a further reduction in the interest rate or the time over which interest must be paid.

For all of the foregoing reasons, the Court finds that (a) Brent Nicholson is personally liability for attorney's fees under the lease agreements he signed on behalf of the LLC plaintiffs and (b) Thrifty is entitled to prejudgment interest on its counterclaim at the rate of 5.25% from the date of each overpayment. The Clerk of Court is directed to enter judgment in this matter in favor of defendants.

Dated this 8th day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge